1  Lawrence E. Biegel (State Bar No. 044426)
   Joseph A. Cisneros (State Bar No. 184907)
2  Lupita Fernandez (State Bar No. 337247)
   **THE BIEGEL LAW FIRM**
3  2801 Monterey-Salinas Highway, Suite A
   Monterey, CA 93940
4  Telephone:    (831) 373-3700
5  Facsimile:    (831) 373-3780
   Email:        larry@biegellaw.com
6
7  Attorneys for Defendants, Lidia Miranda and Michael's Grill and Taqueria, Inc.

8

9

10                       **UNITED STATES DISTRICT COURT**
                         **NORTHERN DISTRICT OF CALIFORNIA**
11                              **SAN JOSE DIVISION**

12

13 | JOSE LUIS BARAJAS ESCAMILLA, | **Case No: 23-cv-05033-BLF** |
14 | Plaintiff, | **ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE** |
15 | vs | **LATE REPLY BRIEF;** |
16 | | **MEMORANDUM OF POINTS AND AUTHORITIES** |
17 | LIDIA MIRANDA AND MICHAEL'S GRILL AND TAQUERIA, INC., JOSE FRANCISCO BARAJAS, | |
18 | | Date:      No Hearing Set |
19 | Defendants. | Time:      TBA |
   | | Courtroom:  3 |
20

21      **TO PLAINTIFF, JOSE LUIS BARAJAS ESCAMILLA, AND HIS ATTORNEY**
22 **OF RECORD, STEPHEN OPPERWALL:**
23      **PLEASE TAKE NOTICE** that defendants Lidia Miranda and Michael's Grill and
24 Taqueria Inc. (collectively "defendants") are administratively moving this Court to allow the
25 defendants to file a Reply Brief to the Plaintiff's Opposition to Defendant's Motion to
26 Dismiss, after the deadline for the filing of said motion has passed.
27

1

1    The defendants will base their motion on the grounds that the failure to file the Reply

2  Brief was due to Excusable Neglect under Federal Rules of Federal Procedure § 6(b)(1).

3    This motion will be based on this Notice of Motion and Motion, the Memorandum of

4  Points and Authorities filed herewith; the Declaration of Lawrence E. Biegel; the Declaration

5  of Joseph A. Cisneros, the pleadings and papers on file herein, and upon such other evidence

6  or argument as may be presented to the Court at the time of the hearing.

7

8  Dated: January 26, 2024                    Respectfully submitted,

9                                             **BIEGEL LAW FIRM**

10

11                                    By: _Lawrence E. Biegel_

12                                           Lawrence E. Biegel
                                             Joseph A. Cisneros
13                                           Lupita Fernandez
                                             Attorneys for Defendants Lidia Miranda &
14                                           Michael's Grill and Taqueria, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

**ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE LATE REPLY BRIEF;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
Jose Luis Barajas Escamilla v. Lidia Miranda et. al U.S. District Court Case No.: 5:23-cv-05033-BLF

1

**MEMORANDUM OF POINTS AND AUTHORITES**

2

## I.    INTRODUCTION.

3

### A.    Prefatory Comments.

4

The moving defendants herein filed a Motion to Dismiss in this matter on November

5

2, 2023.  (ECF 19) They bring this motion seeking leave from this Court to file a late reply

6

brief to the Plaintiff's Opposition to the Defendant's Motion to Dismiss Due to Lack of

7

Personal Jurisdiction filed on December 1, 2023. (ECF 31) This Honorable Court's Order

8

Setting a Briefing Schedule set a deadline for the filing of any such Reply by these moving

9

Defendants for December 8, 2023. (ECF 27) The moving defendants failed to serve their

10

reply to Plaintiff's opposition brief before the deadline set by the Court.

11

This motion will be brought pursuant to Federal Rules of Civil Procedure ("FRCP")

12

Rule 6(b)(1).  The grounds for this instant motion are that the Defendants' failure to file their

13

reply brief in a timely manner arises out of and constitutes excusable neglect.  It is also based

14

on ground that the Plaintiff will not suffer any prejudice if the Court, in its discretion, grants

15

this motion.

16

## II.    PROCEDURAL BACKGROUND.

17

### A.  Procedural Background.[1]

18

In their motion to Dismiss for Lack of Jurisdiction, the defendants set out a detailed

19

chronology of the complete procedural background in this case.  In this motion the defendants

20

will not revisit that complete history and instead will focus solely on the procedural history

21

that relates to this motion.

22

23

24

25

[1] The facts set forth in this portion of Defendants' motion are supported by the Declaration of

26

Lawrence E. Biegel, the Declaration of Joseph A. Cisneros and the court docket in this case.

27

**ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE LATE REPLY BRIEF;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
Jose Luis Barajas Escamilla v. Lidia Miranda et. al U.S. District Court Case No.: 5:23-cv-05033-BLF

This lawsuit was filed by the plaintiff on October 1, 2023. (ECF 1) The lawsuit was promptly served by mail on defendant Lidia Miranda and defendant Michael's Grill and Taqueria, a California corporation.

On November 2, 2023, defendant Lidia Miranda and defendant Michael's Grill and Taqueria filed and served their Motion to Dismiss for Lack of Jurisdiction on November 2, 2023. (ECF 19) At the time of that filing, a hearing was set for April 11, 2024, based on the local rules, responses were due on April 4, 2024 and replies were due on April 9, 2024.

On November 17, 2023, this Honorable Court served on the parties an Order Setting Briefing Schedule on the Defendant's Motion to Dismiss and the Plaintiff's Motion for Writ of Attachment. (ECF 27) This order was served on attorney Stephen Opperwall on behalf of the plaintiff and on attorney Joseph Cisneros on behalf of the instant defendants.  Mr. Cisneros mistakenly thought that this Order Setting Briefing Schedule had also been served on attorney Lawrence Biegel, who was the responsible attorney handling the matter for the Biegel Law Firm.  As a result, Mr. Cisneros did not forward the November 17, 2023 e-mail from this court, which contained the notification of the Order Setting Briefing Schedule, to Mr. Biegel.

Three days later, on November 20, 2023, Mr. Biegel filed and served his Notice of Appearance to be the lead attorney for these instant defendants.  From that point forward, all pleadings have also been served on attorney Lawrence Biegel.

On December 1, 2023, attorney Stephen Opperwall filed and served Plaintiff's Opposition to the Motion to Dismiss for Lack of Jurisdiction.

For the reasons set forth above and below, counsel for defendants did not file a reply brief to the Opposition filed by Plaintiff on or by December 8, 2023, due to the failure of defendants' counsel to calendar the deadline.

**ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE LATE REPLY BRIEF;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
Jose Luis Barajas Escamilla v. Lidia Miranda et. al U.S. District Court Case No.: 5:23-cv-05033-BLF

1

2  **III.    LEGAL DISCUSSION AND ARGUMENT.**

3

4      **A. Pursuant to FRCP 6(b)(1), A Party Must File a Motion Requesting Leave from the Court, if the Time to Has Expired to File a Motion Paper. Pursuant to this Rule, the Moving Party Must Show that the Delay was Due to Excusable Neglect.**

5

6          Both case law and the FRCP set out clear guidelines for parties to follow in situations

7  where they have failed to request an extension for time to file a pleading.

8          In *Lujan v National Wildlife Federation* (1990) 497 U.S. 871, the United States

9  Supreme Court set out the law and the procedure for how to bring such motion to request

10  leave from a court for a late filing.  In *Lujan*, Justice Scalia wrote as follows at pg. 895:

11

12          Fed. R. Civ. P. 6(b) sets out the proper approach in the case of late filings. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

13

14

15

16          Justice Scalia went on to state on pages 895, 896, the following:

17          This provision not only specifically confers the "discretion" relevant to the present issue, but also provides the mechanism by which that discretion is to be invoked and exercised. First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any postdeadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect."

18

19

20

21          The operable rule is FRCP Rule 6(b)(1) which states as follows:

22          Rule 6. Computing and Extending Time; Time for Motion Papers

23          (b) Extending Time.

24          (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

25

26          (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

27

5

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b).(d), 52(b), 59(b), (d), (e), and 60(b).[2]

On November 17, 2023, this Honorable Court filed and served its Order Setting Briefing schedule (ECF 27) for the Motion to Dismiss filed by these defendants (ECF 19) and the Motion for Writ of Attachment filed by Plaintiff. (ECF 21) The Order was served by e-mail on Joseph Cisneros on behalf of the defendants.[3]

As set forth in the attached declarations, counsel for the moving defendants failed to calendar the deadline date to file a Reply to any Opposition filed by the Plaintiff in response to Defendant's Motion to Dismiss for Lack of Jurisdiction.

Due to mistake, inadvertence and negligence, Mr. Cisneros mistakenly believed that the Order Setting Briefing Schedule had also been served on Mr. Biegel. As such, Mr. Cisneros did not forward the email to Mr. Biegel or to anyone else in the law office. Mr. Biegel is and was the responsible attorney for the instant case at the Biegel Law Firm. As a result, counsel for the defendants failed to calendar the updated deadline dates for the filing of oppositions and replies to the aforementioned motions.

In *Davis v. California Department of Corrections and Rehabilitation* (2013) 2013 U.S. Dist. LEXIS 41777, at page 5, the Ninth District court set out parameters for how to determine if conduct equaled excusable neglect. The *Davis* court held:

> Federal Rule of Civil Procedure 6(b)(1)(B) provides that "when an act . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." See also *Lujan v. National Wildlife Federation*, 497 U.S.

---

[2] None of these exceptions appear to relate to the instant motion.

[3] This probably occurred because even though both Mr. Cisneros and Mr. Biegel were identified on the Motion to Compel as attorneys for these defendants, Mr. Cisneros had a current registration with PACERS while Mr. Biegel's had lapsed.

**ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE LATE REPLY BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES**
Jose Luis Barajas Escamilla v. Lidia Miranda et. al U.S. District Court Case No.: 5:23-cv-05033-BLF

871, 896, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor test examining: (1) the danger of prejudice to the opposing party; (2) length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

Chief Judge Morrison England of the United State District Court for the Eastern District of California analyzed this issue in *Armstrong vs. Hartford Life & Accident Insurance Company* (2014) 2014 U.S. Dist. LEXIS 116323 and allowed a plaintiff to file an Opposition to a defendant's Motion for Summary Judgment due to excusable neglect.[4]

In *Armstrong*, the defendant had filed a motion for Summary Judgment. Plaintiff missed the deadline to file an opposition to the motion. The plaintiff ultimately filed a motion seeking an additional 30 days to file an opposition due to excusable neglect. The plaintiff based his motion on the grounds that his attorney's failure to calendar a response to the motion was excusable neglect, based on the assertion that when the attorney put it aside on his desk, he then forgot to call opposing counsel for a stipulation for an extension.

In *Armstrong*, Judge England analyzed the four factors set out above and determined that those factors supported granting the plaintiff's motion. The court first determined that the defendant had not suffered any prejudice. More importantly, the court determined that the attorney for the plaintiff's admission that he had forgotten to calendar the date is an "example of careless, negligent behavior amounting to excusable neglect." The Court also gave weight to the fact that the plaintiff had not demonstrated a "repeated failure to comply with local rules" and therefore there was no bad faith. (*Id.* at pgs. 8-9.) (See also *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993 and Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir. 1996)

---

[4] The *Armstrong* court granted the motion in part. It granted leave to the Plaintiff to file the Opposition. However, it did not give the Plaintiff the requested 30 days in which to file the Opposition. Instead, it gave the Plaintiff a much shorter window of two weeks to file the Opposition.

**ADMINISTRATIVE MOTION TO SEEK LEAVE OF COURT TO FILE LATE REPLY BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES**
Jose Luis Barajas Escamilla v. Lidia Miranda et. al U.S. District Court Case No.: 5:23-cv-05033-BLF

In the present matter, the first two factors weigh in favor of granting the defendants leave to file a reply to the opposition.  First, the plaintiff will not suffer any prejudice. That is primarily because the hearing on the Motion for Dismiss has not been delayed and is still set for April 11, 2024 and that date is more than two months away.  Furthermore, the defendants are asking leave to file a reply brief. This pleading is by definition the last thing to be filed in any motion proceeding. As such, counsel for the plaintiff cannot file another pleading after the filing of the Reply and thus plaintiff will not have any of his own deadlines pushed back or delayed if this motion is granted.

In connection with the third factor, we submit that in this matter, per the authority of *Armstrong*, defense counsel's admission of negligently forgetting to calendar a deadline is excusable neglect.

In regard to the fourth and final factor, these moving defendants do not have a "repeated history" of failing to comply with court rules.  Thus, we submit that there is no bad faith present.

## IV.    CONCLUSION.

Based on the above arguments, this Court should utilize its discretion to allow the Defendant's leave to file a Reply Brief to the Plaintiff's Opposition to Motion to Dismiss Due to Lack of Jurisdiction and issue an order setting a date for the reply brief to be filed.

In the alternative, we ask this Court to set an appropriate date for a full hearing on this motion, particularly if plaintiff files an objection to the same.

Dated: January 26, 2024                    Respectfully submitted,

**BIEGEL LAW FIRM**

By: *Lawrence E. Biegel*

Lawrence E. Biegel
Joseph A. Cisneros
Lupita Fernandez

8

2a9990ab3ed9e9e6

**PROOF OF SERVICE**

1

2    I am a citizen of the United States and I am over the age of eighteen years and not a

3    party to the above-entitled action; my business address is 2801 Monterey-Salinas Highway,

4    Suite A, Monterey, California, 93940.

5    On   January   26,   2024,   I   served   the   following   documents   entitled

6    '**Administrative Motion  to  Seek Leave of Court to File Late Reply Brief; Memorandum of**

7    **Points and Authorities'**  to  be  served  on  the  parties  or  their  attorneys  of  record  in  the

8    action listed below by the following means:

9

10   | XX | **BY  E-MAIL.**  I  caused  such  document(s)  to  be  transmitted  by  e-mail correspondence to the e-mail address(es) listed below. |
     |---|---|

11

12

13

14

15

16

17   | **Stephen Opperwall** Email:  steve.opperwall@comcast.net | |
     |---|---|

18

19

20

21

22   I declare under penalty of perjury under the laws of the State of California that the

23   foregoing is true and correct.

24   Executed on January 26, 2024, at Monterey, California.

25

26

27   _____
     Rachel P. Lopez

1

**PROOF OF SERVICE**
Jose Luis Barajas Escamilla V. Lidia Miranda Et. Al U.S. District Court Case No.: 5:23-Cv-05033-Blf