UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE LUIS BARAJAS ESCAMILLA,<br>Plaintiff,<br>v.<br>LIDIA MIRANDA, et al.,<br>Defendants. | Case No.  23-cv-05033-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE LATE REPLY BRIEF**<br><br>[Re: ECF No. 33] |

Defendants Lidia Miranda and Michael's Grill and Taqueria, Inc. have moved the Court for leave to file a late reply brief. ECF No. 33 ("Mot."). Plaintiff Jose Luis Barajas Escamilla has not filed an opposition to the motion. For the reasons stated below, the Court GRANTS the motion and DIRECTS Defendants to file their reply brief no later than February 5, 2024.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired. Rule 6(b)(1)(B) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

A district court abuses its discretion by failing to engage in this four-factor test or at least the "equitable analysis" captured by the test. *Ahanchian*, 624 F.3d at 1261. Additionally, a

1    "district court is given broad discretion in supervising the pretrial phase of litigation, and its
2    decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they
3    evidence a clear abuse of discretion." *The United States v. Thill*, No. 14-29-BLG-SPW-CSO,
4    2015 WL 12592794, at *1. (D. Mont. Jan. 28, 2015) (citing *Jorgensen v. Cassiday*, 320 F.3d 906,
5    913 (9th Cir. 2003)) (internal quotation marks and citations omitted). "The law has a strong
6    preference to determine cases on their merits whenever possible." *Barg Coffin Lewis & Trapp,*
7    *LLP v. Arlie & Co.*, No. 14-4740-LB, 2014 WL 7275360, at *4 (N.D. Cal. Dec. 22, 2014) (citing
8    *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011)).

**II.   DISCUSSION**

Defendants argue that the first two factors weigh in favor of granting leave to file a reply because they seek only to file a reply brief in support of a motion that will not be heard until April. Thus, they reason, Plaintiff will not be prejudiced, and the proceeding would not be impacted because Plaintiff's deadlines and the hearing are not impacted by the delay. Mot. at 8. Defendants also argue that they have shown excusable neglect because their counsel failed to calendar the deadline due to a miscommunication. *Id.* Finally, Defendants argue that they are not acting in bad faith because they do not have a repeated history of failing to comply with court rules. *Id.*

The Court addresses each of the four *Pioneer* factors in turn. First, the Court agrees with Defendants that Plaintiff would not be prejudiced by the filing of a late reply brief. Because Defendants seek only to file a reply, a brief to which the nonmoving party is not typically entitled to respond, Plaintiff would not suffer any delay in filing his own papers. Second, Defendants have delayed about two months from the November 23, 2023 deadline required under the local rules or the December 8, 2023 deadline set by the Court's scheduling order. *See* Civ. L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."); Civ. L.R. 7-3(c) ("The reply to an opposition must be filed and served not more than 7 days after the opposition was due."); *see also* ECF No. 19 (motion to dismiss filed on November 2, 2023); *see also* ECF No. 27 (order setting briefing schedule on the motion to dismiss). However, the Court finds that this delay would not impact proceedings because the hearing on Defendants' motion to dismiss is not until April 11, 2024. Thus, Defendants' filing of a late reply brief would not require

1  delaying proceedings and gives Plaintiff and the Court ample time to review the reply brief in
2  preparation for the hearing.
3      Third, the Court finds that Defendants have offered an adequate explanation for the delay.
4  Their counsel have filed declarations representing to the Court that they calendared deadlines
5  "consistent with what [they] thought were the applicable court rules." ECF No. 34 ("Biegel
6  Decl.") ¶ 3. Although one lawyer for Defendants received notice of the Court's order setting a
7  briefing schedule, he neglected to forward the notice to co-counsel. ECF No. 35 ("Cisneros
8  Decl.") at 3. The Court finds that this "is an example of careless, negligent behavior amounting to
9  excusable neglect." *Armstrong v. Hartford Life & Acc. Ins. Co.*, No. 2:12-CV-02227-MCE, 2014
10 WL 4163808, at *2 (E.D. Cal. Aug. 20, 2014) (finding excusable neglect where counsel admitted
11 that he forgot to calendar a motion, which resulted in his failure to call opposing counsel to ask for
12 a stipulation for an extension).
13     Fourth, the Court finds that whether Defendants acted in good faith is a close question.
14 Other courts have found an absence of good faith where a party repeatedly fails to comply with
15 court rules. *See Radcliffe v. JPMorgan Chase Bank NA*, 561 F. App'x 622, 623 (9th Cir. 2014)
16 (affirming a district court's finding of no excusable neglect based on the third and fourth *Pioneer*
17 factors where the movant failed repeatedly to comply with court rules). Although Defendants
18 represent that they do not have a repeated history of failing to comply with court rules, the Court
19 observes that it has admonished Defendants for failing to comply with this Court's standing orders
20 regarding the format of motions and the local rules regarding the length of motions. *See* ECF Nos.
21 20, 36. However, Defendants have not repeatedly failed to comply with Court deadlines, and the
22 declarations of Defendants counsel demonstrate that counsel were simply mistaken about the
23 appropriate deadlines. Thus, the Court concludes that Defendants are not acting in bad faith in
24 bringing this motion. That said, the Court encourages Defendants to read and familiarize
25 themselves with the Court's standing orders and the Northern District's local rules such that
26 mistakes of this nature do not occur again.
27     //
28     //

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants Lidia Miranda and Michael's Grill and Taqueria, Inc.'s Motion for Leave to File a Late Reply Brief (ECF No. 33) is GRANTED. Defendants SHALL file their reply brief in support of their motion to dismiss no later than February 5, 2024.

Dated: January 31, 2024

_____
BETH LABSON FREEMAN
United States District Judge